JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PACIFIC CONNECTIONS OF CALIFORNIA, INC.                    Docket No. 08 CV 6627
                    Plaintiff,

       -against-

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED,
                    Defendants.
-----------------------------------------------------------X

### PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE FOR AN ORDER OF ATTACHMENT AND FOR PRELIMINARY INJUNCTION

Plaintiff Pacific Connections of California Inc. ("PCI"), by its attorneys Ballon Stoll Bader & Nadler, P.C., moves this Court pursuant to **Fed. Rule Civ. Proc. 64 and/or 65**, for an Order to Show Cause for an Order of Attachment and for a Preliminary Injunction, in the form attached to this application.

The Application for an attachment against defendant PreVu Incorporated, pursuant to **Fed. Rule Civ. Proc. 64**, is made upon the grounds that, as shown by supporting affidavits and their attached exhibits, (1) defendant PreVu Incorporated is a foreign corporation not qualified to do business within The State of New York and that plaintiff has a cause of action against said defendant to recover damages of at least $ 372,143.95 which defendant has converted and/or been unjustly enriched by, and/or owes PCI in quasi contract or which plaintiff is entitled to have placed in a constructive trust or have an equitable lien placed upon as a result of defendant's unlawful retention of PCI's property, that it is likely that plaintiff will prevail on the merits of said claims and that the amount of plaintiff's claims exceed all counterclaims known to plaintiff; and (2) that defendant's actions in selling off plaintiff's property, when coupled with defendant's impending bankruptcy, will

deprive PCI of its assets if attachment is not granted.

This Application for a preliminary injunction against defendants, Wilsons Leather Holdings Inc. and PreVu Incorporated pursuant to **Fed. Rule Civ. Proc. 65**, is made upon the grounds that (1) defendants have unlawfully retained monies belonging to plaintiff in a manner which provides plaintiff with valid claims for either conversion, unjust enrichment, quasi contract, a constructive trust, or an equitable lien against defendants, and that the evidence proffered in connection with these documents are sufficient proof of such to make it likely that they will succeed on the merits and (2) that defendants' perilous financial circumstances and impending bankruptcy threaten PCI with irreparable harm if this Order for a preliminary injunction is not granted or in the alternate that (1) PCI has raised sufficiently serious questions going to the merits to make them a fair ground for litigation, and (2) the balance of hardships tips decidedly in PCI's favor because of the lenient remedies it seeks and the harsh consequences it would suffer in the absence of a preliminary injunction and (3) that PCI will suffer irreparable harm if it is not granted a preliminary injunction due to defendants' perilous financial circumstances and impending bankruptcy.

This Application is based on this Application, the Affidavit of Martin Terzian for Order to Show Cause for an Order of Attachment and Preliminary Injunction, dated July 22, 2008, with the exhibits annexed unto, the Affirmation of Vano I. Haroutunian for Order to Show Cause for an Order of Attachment and Preliminary Injunction, dated July 22, 2008, with the exhibits annexed thereto, Plaintiff's Memorandum of Law, and upon the Complaint, all filed concurrently herewith.

No previous application for the relief herein prayed for has been made.

DATED: July 22, 2008

                                               BALLON STOLL BADER & NADLER, P.C.

By_____
     Vano I. Haroutunian (VH-1010)
     Attorneys for Plaintiff
     729 Seventh Avenue, 17th Floor
     New York, New York 10019
     (212) 575-7900