UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PACIFIC CONNECTIONS OF CALIFORNIA, INC.

08 CV 6627

Plaintiff,

-against-

**DECLARATION FOR
JUDGMENT BY DEFAULT**

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED
                                    Defendants,
----------------------------------------------------------------X

      **VANO I. HAROUTUNIAN,** an attorney duly admitted to practice before the Courts of

the States of New York and New Jersey, affirms, declares, and certifies, pursuant to **28 U.S.C**

**§1746**, under penalty of perjury:

      1.     I am a member of the bar of this Court and a partner with the firm of Ballon Stoll

Bader & Nadler, P.C., attorneys for Plaintiff in the above entitled action.  As such, I am familiar

with all of the facts and circumstances in this action.

      2.     I make this declaration pursuant to Rule 10, of the Civil Rules for the Southern

District of New York, in support of Plaintiff's application for the entry of a default judgment

against WILSONS LEATHER HOLDINGS INC. ("WLH") and PREVU INCORPORATED

("PreVu") (formerly known as Wilsons The Leather Experts Inc. ("WLE")) (collectively

"defendants").

      3.     This is a Civil Action to recover money damages for shoe rack fixtures (the

"racks") purchased by PACIFIC CONNECTIONS OF CALIFORNIA ("PCI") in the amount of

$372,143.95 as part of a Joint Venture Agreement ("Agreement") that was entered into with defendants.

4.      The Agreement aimed at helping defendants rebrand its image and turn around its slumping sales.

5.      In or about September 2006, defendants began to breach various parts of the Agreement.  Thereafter, the parties reached a Settlement Agreement on October 19, 2006, settling some of their disagreements.  However, the parties did not address the issue of the racks and in no way did ownership of the racks pass to defendants.

6.      PCI made repetitive demands for the payment of the racks, which defendants have ignored as of this date.

7.      PCI is seeking the reimbursement of the amount advanced to defendants in the amount of $372,143.95 together with interest from August 31, 2006 amounting to $410,835.94 as of August 20, 2008, plus costs and disbursements of this action in the amount of $350.00, amounting in all to $411,185.94.

8.      This action was commenced on July 25, 2008 by the filing of a copy of the Summons and Complaint.  Service was performed on STACY A. KRUSE, defendants' Chief Financial Officer by FedEx overnight delivery on July 30, 2008.  Annexed hereto as **Exhibit A** is a copy of the affirmation of service.

9.      The defendants have not answered the complaint and the time to do so has expired, and the defendants have expressly affirmed through their counsel that they will not defend this lawsuit.  Annexed hereto as **Exhibit B** is defendants' counsel's affirmation in support of her motion to withdraw as counsel of record.  Also annexed as **Exhibit C** is the Clerk's certification that defendants' have failed to file an answer to plaintiff's complaint.

2

10.    Subject Matter Jurisdiction is based on diversity, **28 U.S.C. § 1332**. Diversity exists because plaintiff is a Delaware corporation with its primary place of business in New York, defendants are Minnesota corporations with their primary place of business in Minnesota, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.    The Court has personal jurisdiction over the defendants because the negotiations of the term of the Agreement took place in the State of New York. Employees of PCI and the defendants worked closely together, met on numerous occasions in New York, and exchanged various phone calls and emails from New York in connection with the purchase of the racks, subject if the within lawsuit. Further, the time to answer plaintiff's complaint having expired and defendants having failed to file any responsive pleadings and oppose the Court's personal jurisdiction, the defendants have thus waived their right to do so.

12.    In addition, defendants notified the Court, copying plaintiff's counsel, by letter dated August 12, 2008 that they do not intend to oppose plaintiff's Motion for a Preliminary Injunction and Attachment (the "Motion"). Annexed hereto as **Exhibit D** is defendants' counsel's letter of August 12, 2008.

13.    Both defendants in this action, WLH and PreVu, are corporations and thus are neither infants nor incompetent parties.

14.    PCI, by its attorneys, moved for an Order of Attachment and Preliminary Injunction on July 29, 2008, and the Court scheduled a hearing for August 6, 2008.

15.    The defendants requested an extension to respond to the Motion, which PCI, by its attorneys has consented to, contingent upon defendants' counsel's representation that defendants' CFO would confirm, in writing, that defendants will preserve the sum of

$372,143.95 to be disbursed to PCI should Plaintiff prevail. Yet, defendants failed to oppose the Motion and in fact specifically wrote to the Court on August 12, 2008 to inform it that the defendants would not oppose the Motion.

16.    As is set forth above, this action seeks judgment for a liquidated amount of $372,143.95 together with interest from August 31, 2006 amounting to $410,835.94 (printout detailing computation attached hereto as **Exhibit E**) as of August 20, 2008, plus costs and disbursements of this action in the amount of $350.00, amounting in all to $411,185.94 all of which is justly due and owing, and no part of which has been paid.

17.    The Summons and Complaint have been attached as **Exhibit F**.

18.    The Disbursements sought to be taxed have been made in this action or will necessarily be made or incurred herein.

**WHEREFORE**, Plaintiff requests the entry of a Default Judgment against Defendants.

Dated: New York, New York
        September 2, 2008

                                        _____
                                        Vano I. Haroutunian (VH-1010)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PACIFIC CONNECTIONS OF CALIFORNIA, INC.                    Docket No. 08 Civ. 6627 (PAC)
                         Plaintiff,

              -against-

WILSONS LEATHER HOLDINGS INC.,
                                                           AFFIRMATION OF SERVICE
PREVU INCORPORATED,
                         Defendants.
-------------------------------------------------------------X

DANIELE DERMESROPIAN hereby certifies as follows:

I am an attorney-at-law of the State of New York. I hereby certify that on July 30, 2008,

I caused a copy of Plaintiff's Order to Show Cause for an Order of Attachment and for

Preliminary Injunction, Plaintiff's Application for an Order of Attachment and for Preliminary

Injunction, the Civil Cover Sheet, the Summons and the Complaint, Plaintiff's Memorandum of

Law in Support of its Motion, the Declaration of Martin Terzian and the Declaration of Vano

Haroutunian, Esq., to be served on the following Defendants by FEDEX OVERNIGHT

DELIVERY:

Stacy A. Kruse
Wilsons Leather Holdings Inc.
7401 Boone Ave. N.
Brooklyn Park, MN 55428

Stacy A. Kruse
PreVu Incorporated
7401 Boone Ave. N.
Brooklyn Park, MN 55428

DANIELE DERMESROPIAN

# EXHIBIT B

Susan Kohlmann (SK 1855)
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
*Attorney for Wilsons Leather Holdings, Inc., Prevu Incorporated*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pacific Connections of California, Inc. | No. 08 Civ. 6627 |
| Plaintiff, | |
| v. | **AFFIRMATION OF SUSAN KOHLMANN** |
| Wilsons Leather Holdings, Inc., Prevu Incorporated, | |
| Defendants. | |

Susan Kohlmann, an attorney admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York, affirms under the penalty of perjury as follows:

1.      I am submitting this affidavit in support of my Motion to Withdraw as counsel for defendants Wilsons Leather Holdings, Inc. and Prevu Incorporated in the above-captioned matter ("defendants").

2.      I have been advised by the defendants in the above-captioned matter that they do not intend to defend this lawsuit and, accordingly, no longer require my services as counsel.

Dated:  August 19, 2008

s/ _____
Susan Kohlmann (SK 1855)

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PACIFIC CONNECTIONS OF CALIFORNIA, INC.

                                                    08 CV 6627

                        Plaintiff,

        -against-                              **CLERK'S CERTIFICATE**


WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED
                        Defendants,
-----------------------------------------------------------------X

        I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on July 25, 2008 with the

filing of a summons and complaint, a copy of the summons and complaint was served on each of

the defendants on July 30, 2008,

                (a) By delivering a true copy of the original documents to
                WILSONS LEATHER HOLDINGS INC. and leaving same with STACY A.
                KRUSE chief financial officer of WILSONS LEATHER HOLDINGS INC.

                (b) By delivering a true copy of the original documents to
                PREVU INCORPORATED and leaving same with STACY A. KRUSE chief
                financial officer of PREVU INCORPORATED.

Proof of such service was filed on August 4, 2008.

        I further certify that the docket entries indicate that the defendants have not filed answers

and that the defendants were represented by counsel which later withdrew on August 19, 2008

because the defendants do not intend to defendant this lawsuit.  The default of the defendants is

hereby noted.

Dated: New York, New York
       August 2?, 2008

                                        J. MICHAEL MCMAHON
                                        Clerk of the Court

                                        By: _____
                                              Deputy Clerk

# EXHIBIT D

# JENNER&BLOCK

August 12, 2008

**BY EMAIL & FACSIMILE**

The Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 20-C
New York, New York 10007

Jenner & Block LLP        Chicago
919 Third Avenue          New York
37th Floor                Washington, DC
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Katya Jestin
Tel 212 891-1685
Fax 212 891-1699
kjestin@jenner.com

Re:   *Pacific Connections of California, Inc. v. Wilsons Leather Holdings, Inc.,*
      *Prevu Incorporated, 08 Civ 6627 (PAC)*

Dear Judge Crotty:

        We write in reference to plaintiff's Motion for a Preliminary Injunction and Attachment
filed on July 29, 2008. On behalf of the defendants in the above-referenced matter, we
respectfully advise the Court that we will not be filing papers in opposition to this motion.

Respectfully Submitted,

Katya Jestin

cc:    Vano Haroutunian, Esq. (Attorney for Plaintiff) (via email and facsimile)

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PACIFIC CONNECTIONS OF CALIFORNIA, INC.

08 CV 6627

                        Plaintiff,

        -against-

                                                **STATEMENT
                                                OF DAMAGES**

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED
                        Defendants,
-----------------------------------------------------------------X

Principal Amount sued for…………………………………………    $372,143.95

Interest from August 31, 2006 through August 20, 2008…..…………….    $38,691.99

Costs and Disbursements

Clerk's Index Fee…………………………………………………    $350.00
Process Server fee for service………………………………………    $ 0.00
Statutory fee………………………………………………………    $ 0.00

**Total** (as of August 20, 2008)……………………………

# Exhibit F

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____    District of    _____ New York _____

PACIFIC CONNECTIONS OF CALIFORNIA,
INC.

**SUMMONS IN A CIVIL ACTION**

V.

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED,

CASE NUMBER:

*08 CIV 6627.*

TO: (Name and address of Defendant)

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED,
7401 Boone Ave. N.
Brooklyn Park, MN 55428

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

VANO I. HAROUTUNIAN, ESQ.
BALLON STOLL BADER & NADLER, P.C.
729 SEVENTH AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10019
(212) 575-7900

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUL 2 5 2008

CLERK

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PACIFIC CONNECTIONS OF CALIFORNIA, INC.                   Docket No.

                              Plaintiff,

          -against-

                                                          **COMPLAINT**

WILSONS LEATHER HOLDINGS INC.,
PREVU INCORPORATED,                                       **JURY TRIAL DEMANDED**
                              Defendants.
-----------------------------------------------------------X

Plaintiff, Pacific Connections of California, Inc., ("plaintiff" or "PCI") by its attorneys,

Ballon Stoll Bader & Nadler, P.C., complaining of defendants Wilsons Leather Holdings Inc.

("WLH") and PreVu Incorporated ("PreVu") (collectively "defendants" or "Wilsons") alleges:


### JURISDICTION AND VENUE

1.        Subject matter jurisdiction is based on diversity, **28 U.S.C. § 1332**. Diversity

exists because plaintiff is a Delaware corporation , with its primary place of business in New

York, defendants are Minnesota corporations with their primary places of business in Minnesota,

and the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and

costs.

2.        Venue is proper under **28 U.S.C. § 1391** because a substantial part of the events

giving rise to the claim occurred in this venue.


### FACTS

3.        Plaintiff PCI is a privately held global corporation that designs, develops,

manufactures and distributes a very broad selection of handbags as well as advises other fashion

companies. PCI's headquarters are located at 20 W. 33rd Street, 11th Floor, New York, NY 10001.

4.        Defendant PreVu is a specialty retailer of quality leather outerwear, accessories and apparel in the United States and has its headquarters at 7401 Boone Ave. N., Brooklyn Park, MN 55428. Defendant PreVu was known as Wilsons The Leather Experts, Inc. ("WLE") at the time the events set forth in this complaint took place.

5.        Neither PreVu nor WLE is registered to do business in New York.

6.        Defendant WLH is, upon information and belief, a subsidiary of PreVu and is a Minnesota Corporation with its headquarters at 7401 Boone Ave. N., Brooklyn Park, MN 55428. WLH is registered to do business in New York.

7.        In or around April 2006, PCI and Wilsons entered into a long-term joint venture to help boost Wilsons's flagging sales by rebranding Wilsons's image.

8.        PCI provided Wilsons with designs, sales and marketing advice and working space in its New York offices.

9.        Employees of PCI and Wilsons worked closely together, met on numerous occasions in New York and elsewhere, and exchanged phone calls and emails from New York and elsewhere on numerous occasions.

10.        As part of the rebranding process, PCI purchased $ 372,143.95 of shoe racks (the "racks") which were designed by Wilsons and placed in Wilsons's stores across the United States, including their New York stores.

11.        The racks were fixtures installed in Wilsons stores.

12.        PCI retained ownership of the racks with the understanding that Wilsons would compensate PCI for the racks.

2

13.    This compensation was to include a five percent commission for products designed and/or procured by PCI. while placed on the racks.

14.    In or about September, 2006, Wilsons breached several provisions of their agreement with PCI.

15.    At that time Wilsons stopped placing PCI's designed products on the racks and therefore deprived PCI of its commission.

16.    Despite Wilsons' failure to place products on the racks that PCI from which it was entitled to receive commissions, Wilsons did not return PCI's racks.

17.    On or about October 19, 2006, PCI and Wilsons entered into a Settlement Agreement negotiated in New York, which is attached as **Exhibit 1.**

18.    The agreement settled disputes between the parties in regards to "all commissions for services performed and to be performed, and for all product received to date and all product to be received through February 3, 2007." The agreement also provided that "[i]n addition to the foregoing, however, Wilsons Leather will reimburse PCI for costs incurred to date in connection with leasehold improvements to the design center provided for Wilsons Leather's use in New York City."

19.    The Agreement did not encompass the racks or in any way convey PCI's racks to Wilsons.

20.    Wilsons neither returned nor compensated PCI for its racks.

21.    Upon information and belief Wilsons has continued its use of PCI's racks.

22.    Upon information and belief, Wilson's use of PCI's racks led to deterioration in the value of the racks.

3

23.    PCI repeatedly informed Wilsons that it did not give Wilsons the racks as a gift but that the racks were given to Wilsons on condition that they comply with the abovementioned agreements and understandings they had with PCI.

24.    Wilsons did not deny that they owe PCI a debt for the racks but instead claimed that the issue was dealt with in the settlement agreement, despite the fact that the settlement agreement is silent as to the racks.

25.    Wilsons' business has continued to decline and, upon information and belief, they liquidated over 150 stores in 2007-2008.

26.    Wilsons recently sold 116 remaining outlet stores to AM Retail Group, Inc., a wholly-owned subsidiary of G-III Apparel Group, Ltd.

27.    In both the liquidations mentioned in ¶ 25 and the sale to AM Retail Group, Inc. discussed in ¶ 26, Wilsons sold all of the store fixtures, including PCI's racks.

## FIRST CAUSE OF ACTION
Against All Defendants For Unjust Enrichment

28.    PCI repeats and re-alleges all the allegations contained in paragraphs 1 to 27.

29.    PCI placed in the possession of Wilsons valuable fixtures, (the racks) under such circumstances that in equity and good conscience Wilsons ought not retain and which, in justice, preclude Wilsons from denying an obligation to pay for them.

## SECOND CAUSE OF ACTION
Against All Defendants For Conversion

30.    Plaintiff repeats and re-alleges all the allegations contained in paragraphs 1 to 29.

31.    Wilsons, by retaining PCI's racks, exercised dominion over PCI's property, in derogation of PCI's rights.

32.     Wilsons' actions converted property belonging to plaintiff and Wilsons is therefore liable for the value of the converted goods.

### THIRD CAUSE OF ACTION
Against All Defendants For Constructive Trust

33.     Plaintiff repeats and re-alleges all the allegations contained in paragraphs 1 to 32.

34.     PCI and Wilsons' joint business venture and partnership created a confidential and/or fiduciary relationship in which both parties were forced to rely on each other.

35.     Wilsons promised expressly and impliedly to compensate PCI for racks which induced PCI to purchase the racks and place them in Wilsons's possession.

36.     Wilsons' has been unjustly enriched as a result of its failure to keep its promises to PCI and its retention of PCI's racks.

### FOURTH CAUSE OF ACTION
Against All Defendants For Quasi Contract

37.     Plaintiff repeats and re-alleges all the allegations contained in paragraphs 1 to 36.

38.     Defendant Wilsons converted PCI's property under circumstances that PCI is entitled to treat it as a sale.

### FIFTH CAUSE OF ACTION
Against All Defendants For an Equitable Lien

39.     Plaintiff repeats and re-alleges all the allegations contained in paragraphs 1 to 38.

40.     When plaintiff placed the racks into defendants' possession, there was an implied agreement that there will be a lien on the racks.

41.     Defendants have sold the racks, including, but not limited to, defendants' recent sale of over 100 of plaintiff's racks to AM Retail Group, Inc.

42.        Plaintiff is entitled to an equitable lien on the proceeds of the racks that defendants have sold.

WHEREFORE, Plaintiff demands the following judgment against the defendants:

1.        On the First Cause of Action, plaintiff demands against defendants:

   a. Damages in an amount of at least $ 372,143.95 or as determined by the Court

   b. Attorneys' Fees, Costs, disbursements and such other relief deemed just and proper by this Court.

2.        On the Second Cause of Action, plaintiff demands against defendants:

   a. Damages in an amount of at least $ 372,143.95 or as determined by the Court

   b.  Attorneys' Fees, Costs, disbursements and such other relief deemed just and proper by this Court

3.        On the Third Cause of Action, plaintiff demands against defendants:

   a.  A constructive trust in the amount of $ 372,143.95

   b.  Attorneys' Fees, Costs, disbursements and such other relief deemed just and proper by this Court

4.        On the Fourth Cause of Action, plaintiff demands against defendants:

   a.  Damages in an amount of at least $ 372,143.95 or as determined by the Court

   b.  Attorneys' Fees, Costs, disbursements and such other relief deemed just and proper by this Court

5.        On the Fifth Cause of Action, plaintiff demands against defendants:

   a.  An equitable lien on the proceeds of the racks sold by defendant.

   b.  Attorneys' Fees, Costs, disbursements and such other relief deemed just and proper by this Court

Dated: New York, New York
       July 22, 2008

                                    BALLON STOLL BADER & NADLER, P.C.

                                    By_____
                                         Vano I. Haroutunian (VH-1010)
                                         *Attorneys for Plaintiff*
                                         729 7th Ave., 17th Floor
                                         New York, New York, 10019
                                         (212) 575-7900

7

**EXHIBIT A**

October19, 2006

**Via Federal Express**
**Overnight Delivery**

Mr. Terry Glynn
Chief Financial Officer
Pacific Connections Inc.
3600 LaSalle Street
Ontario, CA  91761

Re:  <u>Wilsons Leather</u>

Dear Mr. Glynn:

This letter is to document our understanding and agreement based on the
meeting between Wilsons Leather and PCI on October 3, 2006, in our offices.

Wilsons Leather Holdings Inc. ("Wilsons Leather") agrees, subject to the
terms of this agreement ("Letter Agreement"), to pay to Pacific Connections
Inc. ("PCI") the sum of $695,000 as payment in full of all commissions for
services performed and to be performed, and for all product received to date
and all product to be received through February 3, 2007.  This amount will be
paid in two equal installments of $347,500, the first installment to be paid on
or before October 31, 2006, and the second installment to be paid on or before
December 31, 2006, both via wire transfer.  PCI agrees that no other amounts
will be payable for any designs, other services or product through February 3,
2007. In addition to the foregoing, however, Wilsons Leather will reimburse
PCI for costs incurred to date in connection with leasehold improvements to
the Design Center provided for Wilsons Leather's use in New York City.  A
budget reflecting all leasehold improvements to be made to the Design Center
must be approved by Stacy Kruse, CFO and Treasurer of Wilsons Leather,
prior to any expenditure and commencement of work.  PCI shall invoice
Wilsons Leather for any expenditures incurred with "due on receipt" terms.

PCI agrees that all right, title and interest in and to any design, image,
invention, creation or product that PCI or any of its employees, agents and/or
consultants (collectively, "PCI Staff") conceives or introduces into production,
either individually or jointly with others, arising out of performance of orders
placed by Wilsons Leather, will be the property of Wilsons Leather and are by
this Letter Agreement, for the consideration set forth herein, assigned to
Wilsons Leather along with ownership of any and all copyrights, trade dress,
trademark, trade name, patents and any other proprietary interests in the
design, work or product.  Wherever applicable, works created by PCI Staff for
Wilsons Leather, including all derivatives thereof, shall be considered "works
made for hire" as defined in the U.S. Copyright Act.  All know-how and trade
secret information arising out of creation of such designs, works or product,
and all related materials and information, shall be the property of Wilsons
Leather, and all present and future proprietary rights including, without

Mr. Terry Glynn
Pacific Connections Inc.
October 19, 2006
Page 2

limitation, rights to copyright, trademark, trade name, trade dress, patents and any other proprietary rights therein are hereby assigned to Wilsons Leather.

PCI agrees that all designs, work and product produced for Wilsons Leather, and any derivatives thereof, belong exclusively to Wilsons Leather, and PCI and PCI Staff shall have no right to, and shall not, disclose, sell or use any such design, work or product in any way other than for purposes of services to Wilsons Leather. PCI shall maintain, and shall ensure that PCI Staff maintain, the confidentiality of all designs, work and products, and related materials and processes, produced and/or utilized for Wilsons Leather, including all information received from Wilsons Leather regarding trends, collections, merchandising plans, design specifications and all sketches, materials specifications, design drawings, design presentation materials, samples and any other information or material relating to any designs, work or product. PCI shall also exercise best efforts to obtain the written agreement of any manufacturer of any products designed by PCI or PCI Staff that such designs and products are owned exclusively by Wilsons Leather, and that no information or product shall be disclosed, sold or used in any way other than to fulfill orders placed by Wilsons Leather. PCI shall provide any such written agreements to Wilsons Leather.

PCI and Wilsons Leather agree to enter into good faith negotiation of a Design & Buying Contractor Agreement to be effective as of February 4, 2007, for an initial term of two (2) years, subject to such terms and conditions as the parties shall agree.

If the foregoing accurately sets forth your understanding of the terms agreed upon in our October 3rd meeting, please have the enclosed copy of this letter signed on behalf of PCI, evidencing its agreement to the foregoing, and return the signed copy to me. I appreciate your cooperation and that of your colleagues, and we at Wilsons Leather look forward to a mutually satisfying relationship with PCI.

Sincerely,

Stacy Kruse
Chief Financial Officer and Treasurer

Acknowledged and Agreed:
Pacific Connections Inc.

By:

Title: CFO

Enclosure
c: Mike Searles
   Megan Featherston